DelleChiaie v. United States          03-CV-222-SM  08/30/05
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Brian and Shannon DelleChiaie,
Individually and as Parents and
Next Friends of B.D.,
     Plaintiffs

     v.                                Civil No. 03-cv-222-SM
                                       Opinion No. 2005 DNH 123
United States of America,
     Defendant


                            **O R D E R**


     Brian and Shannon DelleChiaie brought this medical malpractice action against the government seeking damages for injuries sustained by their minor son.  Plaintiffs claimed that Shannon's treating physicians failed to timely diagnose her ruptured appendix during an early stage of her pregnancy.  As a consequence, Shannon became seriously ill, required emergency surgery, and plaintiffs' son was delivered prematurely, weighing only one pound, ten ounces at birth.  Because the allegedly negligent physicians were covered under the Federally Supported Health Centers Assistance Act, suit lies only against the United States, under the Federal Tort Claims Act.

Prior to trial, the parties negotiated a settlement of all plaintiffs' claims.  Pursuant to Local Rule 17.1 and New Hampshire law governing the settlement of claims brought on behalf of a minor, plaintiffs submitted an "Assented-to Motion for Approval of Minor's Settlement."  The court approved the settlement and, subsequently, the parties filed a stipulation for dismissal of all plaintiffs' claims, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii).

Plaintiffs now move the court to enforce what they believe to be terms of their settlement agreement with the government. Specifically, they say the government is unreasonably withholding its assent to a "Uniform Qualified Assignment" – a document plaintiffs say they need in order to purchase an annuity for the benefit of their minor child which will qualify for preferential treatment under the Internal Revenue Code.  The government objects, asserting: (1) this court lacks subject matter jurisdiction over plaintiffs' efforts to enforce the terms of the settlement agreement; and (2) even if this court had jurisdiction, the government has fully complied with all of its obligations under that agreement.

For the reasons set forth below, the court concludes that it lacks subject matter jurisdiction to enforce the terms of the parties' settlement agreement. Accordingly, plaintiffs' motion is denied.

**Discussion**

After the parties orally agreed to settle all claims, plaintiffs filed an "Assented-to Motion for Approval of Minor's Settlement," (document no. 21). Because the parties settled claims on behalf of plaintiffs' minor son, both state law and this court's local rules required that the settlement be approved by the court. The motion for approval informed the court that "the parties have reached an agreement to settle this case for a total payment of $783,250." Id. at para. 6. It went on to describe how plaintiffs proposed to use a portion of those settlement funds to pay their attorneys' fees, litigation expenses, and a state Medicaid lien. Finally, plaintiffs informed the court that they planned to distribute the remaining funds as follows:

   1.   $10,000 to Brian Dellechiaie, Sr., the minor's
        father;

     2.    $25,000 to Shannon, the minor's mother; and

     3.    $346,074.98 to the minor himself, to be distributed as follows:

         (a)    $33,311.86 in cash; and

         (b)    $312,763.12 in a "structured settlement," by which plaintiffs explained that they planned to purchase an annuity that would pay their son $30,000 on his 18th through 21st birthdays, and then pay him $3,044 each month thereafter, for life.

Id. at para. 10. On March 28, 2005, the court approved the terms of the settlement and the means by which plaintiffs proposed to distribute the settlement proceeds to their minor son.

Subsequently, on April 15, 2005, the parties filed a "Stipulation for Dismissal." That document provided, in its entirety, as follows:

> Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the parties stipulate that the pending action shall be dismissed, with prejudice, with each party to bear its own costs and fees.

Document no. 23. Importantly, the stipulation for dismissal was not expressly conditioned upon the parties' obligation to comply with their settlement agreement, nor was it contingent upon

plaintiffs' ability to purchase the proposed annuity, nor did it require the government to assist plaintiffs in obtaining the annuity.  Most significantly, however, the stipulation for dismissal did not provide that the court would retain jurisdiction to enforce the terms of the settlement agreement.

Given those facts, the government correctly points out that this court lacks jurisdiction to construe or enforce the terms of the settlement agreement.  Under circumstances substantially similar to those presented in this case, the Supreme Court held that federal courts do not retain ancillary jurisdiction to enforce the terms of a settlement agreement after a case has been dismissed, absent affirmative steps by the court to retain such jurisdiction.

> [T]he only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement.  The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.  In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.  That, however, was not the case here.

<u>The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order</u>.

<u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 380-381 (1994) (citation omitted) (emphasis supplied).

Here, because the terms of the oral settlement agreement were not made a part of the stipulation for dismissal, and because the court did not act to retain jurisdiction over that settlement agreement, it now lacks subject matter jurisdiction over plaintiffs' efforts to enforce what they believe were the terms of that agreement.  <u>See</u> <u>Id</u>. at 382 ("Absent such action [i.e., retention of federal jurisdiction over the settlement agreement], however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.").  <u>See also</u> <u>Municipality of San Juan v. Rullan</u>, 318 F.3d 26, 30-31 (1st Cir. 2003).

Plaintiffs' efforts to compel the government to comply with what they believe are the terms of the settlement agreement are not merely an extension of their malpractice action (which was dismissed, with prejudice).  Accordingly, they cannot simply move

to reopen that malpractice action and seek court enforcement of the terms of the settlement agreement.  Instead, the parties' disagreement over their respective rights and obligations under the settlement agreement is a new and independent contract dispute.  See, e.g., Hansson v. Norton, 411 F.3d 231 (D.C. Cir. 2005).

Plaintiffs must, therefore, bring a separate action against the government for breach of contract, in a court of competent jurisdiction.  Absent a basis upon which to exercise subject matter jurisdiction, this court cannot resolve the parties' current dispute.  Of course, nothing prevents the parties from settling that dispute in a manner that would permit the government, in good faith and in good conscience, to execute the Uniform Qualified Assignment that plaintiffs say they need.

## Conclusion

If, as plaintiffs' assert, they will not be able to structure the distribution of the settlement proceeds to their minor son in a manner favorable from a tax standpoint, as presumably anticipated, due to the government's refusal to agree,

they may well have a viable claim. It would be unfortunate if plaintiffs are correct in asserting that the document in question is commonly executed by the government in cases like this and exposes the government to no possible liability. But, once the parties reached a settlement agreement, plaintiffs' claims against the government were, pursuant to the parties' stipulation, dismissed with prejudice. As noted, the case was closed and the court did not retain jurisdiction over enforcement of the settlement agreement.

Plaintiffs have failed to point to any independent basis upon which this court might exercise subject matter jurisdiction over their enforcement claim. In fact, because it amounts to a breach of contract claim against the government, and one likely for more than $10,000, it would appear that the Tucker Act vests the Court of Federal Claims with exclusive jurisdiction over the parties' current dispute. <u>See</u> 28 U.S.C. 1491. If the government insists, plaintiffs might pursue that option and litigate the matter to a further settlement or judicial resolution.

For the foregoing reasons, the court lacks jurisdiction to entertain plaintiffs' claim that the government has breached the terms of the parties' settlement agreement. Accordingly, it declines to reopen this matter and plaintiffs' Motion to Enforce Settlement Agreement (document no. 24) is denied.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Steven J. McAuliffe
　　　　　　　　　　　　　　　　　　Chief Judge

August 30, 2005

cc:　Kenneth C. Brown, Esq.
　　　T. David Plourde, Esq.